## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

United States of America
District of Columbia

vs.

MELVIN MORGAN

Case No. F 5368 99 "C"

PDID No. 486959

### JUDGMENT AND COMMITMENT/PROBATION ORDER

The above-named defendant having entered a plea of ☐ Not Guilty ☑ Guilty to the Charge(s) of _____

ATTEMPT DISTRIBUTION OF COCAINE

and having been found guilty by ☐ Jury ☑ Court, it is hereby ORDERED that the defendant has been convicted of and is guilty of the offense(s) charged, and is hereby SENTENCED to AS TO COUNT "C" NOT TO EXCEED 2 YEARS UNDER YRA 803(B), ESS, 1 YEAR SUPERVISED PROBATION 803(A)

☐ MANDATORY MINIMUM term of _____ applies to the sentence imposed.
☐ MANDATORY MINIMUM term does not apply.
☐ ORDERED that the defendant be committed to the custody of the Attorney General for imprisonment for the period imposed above.
☐ ORDERED that the defendant be committed to the custody of the Attorney General for treatment and supervision provided by the D.C. Department of Corrections pursuant to Title 24, Section 803[b] of the D.C. Code [Youth Rehabilitation Act 1985].
☑ ORDERED that the defendant be placed on probation in charge of the Director, Social Services Division, and it is further ORDERED that while on probation the defendant observe the following marked conditions of probation:
 ☑ Observe the general conditions of probation listed on the back of this order.
 ☐ Cooperate in seeking and accepting medical, psychological or psychiatric treatment in accordance with written notice from your Probation Officer.
 ☑ Treatment for ☐ alcohol problems ☑ drug dependency or abuse as follows:
   COMPLY WITH ANY DRUG TESTING, TREATMENT AND COUNSELING
 ☐ Restitution of $_____ in monthly installments of $_____ beginning _____ (see reverse side for payment instructions). The Court will distribute monies to _____
 ☐ THAT THE PROBATION OFFICER RECOMMENDS FOR YOU

Costs in the aggregate amount of $ 100.00 have been assessed under the Victims of Violent Crime Compensation Act of 1981, and ☐ have ☑ have not been paid. WITHIN 60 DAYS
ORDERED that the Clerk deliver a true copy of this order to appropriate authorized official(s) and that the copy shall serve as the commitment/order for the defendant.

8-2-04
Date

TEST: _____
Clerk, Superior Court of the District of Columbia
By: _____
Deputy Clerk

_____
Judge

8-2-04
Date

Certification by Clerk pursuant to Criminal Rule 32(d).

_____
Deputy Clerk

Form CD 1040/Mar.01

AO 245 S (Rev. 11/00 DC) Sheet 1 - Judgment in a Criminal Case

## UNITED STATES DISTRICT COURT
### for the District of Columbia

UNITED STATES OF AMERICA

v.                                              Case Number  02-202

MELVIN E. MORGAN, JR.

Defendant.

FILED

OCT 1 5 2002

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

### JUDGMENT IN A CRIMINAL CASE
(For Offenses Committed On or After November 1, 1987)

The defendant, MELVIN E. MORGAN, JR., was represented by David Bos, Esquire.

The defendant pled guilty to count(s) ONE of the indictment on July 15, 2002. Accordingly, the defendant is adjudged guilty of such count(s), involving the following offense(s):

| Title & Section | Nature of Offense | Date of Offense | Count Number(s) |
|---|---|---|---|
| 18 USC 922(g)(1) and 924(a)(2) | Unlawful Possession of a Firearm and Ammunition By a Convicted Felon | April 6, 2002 | 1 |

As pronounced on October 11, 2002, the defendant is sentenced as provided in pages 2 through 6 of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

The mandatory special assessment is included in the portion of this Judgment that imposes the Criminal Monetary Penalties.

It is further ordered that the defendant shall notify the United States Attorney and the Clerk's Office for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this Judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances that might affect the ability to pay.

Signed this the 15th day of October, 2002.

United States District Court
For the District of Columbia
A TRUE COPY
NANCY MAYER WHITTINGTON, Clerk
By _____
2/24/06    Deputy Clerk

Reggie B. Walton
United States District Judge

Defendant's SSN: 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/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
Defendant's Date of Birth: 12/15/79
Defendant's USM No.: 24821-016
Defendant's address: 4321 Brooks Street, N.E., Apt. 304, Washington, D.C. 20019

14

AO 245 S (Rev.'11/00 DC) Sheet 2 - Imprisonment

Judgment--Page 2 of 6

Defendant: MELVIN E. MORGAN, JR.
Case Number: 02-202

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of 27 months.

The Court makes the following recommendations to the Bureau of Prisons: That the defendant be placed at CTF or an Federal Correctional Institute where the defendant may participate and receive drug treatment..

The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this Judgment as follows:

_____
_____
_____

    Defendant delivered on _____ to _____
at _____, with a certified copy of this Judgment.

_____
United States Marshal

By _____
Deputy Marshal

Judgment--Page 3 of 6

Defendant: MELVIN E. MORGAN, JR.
Case Number: 02-202

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of THREE (3) years.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not illegally possess a controlled substance.

The defendant shall refrain from any unlawful use of a controlled substance.

The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by the probation office of this court set forth on the next page. The defendant shall also comply with the following special conditions:

1. The defendant shall pay his special assessment from his prison wages. If special assessment is not paid by the time the defendant is released, he shall continue his obligation to pay until the special assessment is paid in full.
2. The defendant shall notify the Clerk of Court and Probation Office within 30 days of any change of address until such time as the financial obligation is paid in full.
3. The defendant shall provide the Probation Office with his income tax returns, authorization for release of credit information, and any other business or financial information in which he has a control or interest.
4. The defendant shall not possess, have under his control, or have access to any firearm, explosive device, or other dangerous weapons, as defined by federal, state, or local law.
5. The defendant shall submit to drug testing and participate in a substance abuse treatment program as directed by the probation office.
6. The defendant shall obtain and maintain employment.
7. The defendant shall participate in an educational/vocational program as directed by the probation office.

THE COURT FINDS THAT THE DEFENDANT DOES NOT HAVE THE ABILITY TO PAY A FINE AND, THEREFORE, WAIVES THE IMPOSITION OF A FINE IN THIS CASE.

THE PROBATION OFFICE SHALL RELEASE THE PRESENTENCE INVESTIGATION REPORT TO ALL APPROPRIATE AGENCIES IN ORDER TO EXECUTE THE SENTENCE OF THE COURT. TREATMENT AGENCIES SHALL RETURN THE PRESENTENCE REPORT TO THE PROBATION OFFICE UPON THE DEFENDANTS COMPLETION OR TERMINATION FROM TREATMENT.

Judgment--Page 4 of 6

Defendant: MELVIN E. MORGAN, JR.
Case Number: 02-202

## STANDARD CONDITIONS OF SUPERVISION

While the defendant is on supervised release pursuant to this Judgment:

1) The defendant shall not leave the judicial district without the permission of the court or probation officer.

2) The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month.

3) The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.

4) The defendant shall support his or her dependents and meet other family responsibilities.

5) The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons.

6) The defendant shall notify the probation officer at least ten days prior to any change in residence or employment.

7) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any such controlled substances, except as prescribed by a physician.

8) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.

9) The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer.

10) The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer.

11) The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.

12) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.

13) As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

Case 1:06-cr-00065-RWR    Document 6-2    Filed 03/21/2006    Page 6 of 8
AO 245 S (Rev. 11/00 DC) Sheet 5, Part A - Criminal Monetary Penalties

Judgment--Page 5 of 6

Defendant: MELVIN E. MORGAN, JR.
Case Number: 02-202

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth below under **SCHEDULE OF PAYMENTS** heading.

| Count | Assessment | Fine | Restitution |
|---|---|---|---|
| 1 | $100.00 | $0.00 | $0.00 |
| TOTALS: | $100.00 | $0.00 | $0.00 |

## SCHEDULE OF PAYMENTS

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest, (7) penalties, and (8) costs, including cost of prosecution and court costs.

Payment of the total fine and/or other criminal monetary penalties shall be due in full immediately.

Unless the court has expressly ordered otherwise in the special instruction above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court, unless otherwise directed by the court, the probation officer, or the United States Attorney.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

AO 245 S (Rev. 12/96 DC) Sheet 7 - Statement of Reasons

Defendant: MELVIN E. MORGAN, JR.  
Case Number: 02-202

Judgment--Page 6 of 6

## STATEMENT OF REASONS

☒ The court adopts the factual findings and guideline application in the presentence report.

OR

☐ The court adopts the factual findings and guideline application in the presentence report except (see attachment, if necessary):

**Guideline Range Determined by the Court:**

Total Offense Level: 17

Criminal History Category: II

Imprisonment Range: 27 to 33 months

Supervised Release Range: 2 to 3 years

Fine Range: $ 5,000 to $ 50,000

☒ Fine is waived or is below the guideline range, because of the defendant's inability to pay.

Total Amount of Restitution: $ _____

☐ Discretionary restitution is not ordered because the complication and prolongation of the sentencing process resulting from the fashioning of a restitution order outweighs the need to provide restitution to any victims, pursuant to 18 U.S.C. § 3663(a)(B)(ii). (or in offenses committed before April 23, 1996, pursuant to 18 U.S.C. § 3663(d)).

☐ Restitution pursuant to the mandatory victim restitution provisions is not ordered in this title 18 property offense because the number of identifiable victims is so large as to make restitution impracticable, pursuant to 18 U.S.C. § 3663A(c)(3)(A).

☐ Restitution pursuant to the mandatory victim restitution provisions is not ordered in this title 18 property offense because determining complex issues of fact and related to the cause of amount of the victim's losses would complicate or prolong the sentencing process to a degree that the need to provide restitution to any victim is outweighed by the burden on the sentencing process, pursuant to 18 U.S.C. § 3663A(c)(3)(B).

☐ For offenses committed on or after September 13, 1994 but before April 23, 1996 that require the total amount of loss to be stated, pursuant to Chapters 109A, 110, 110A, and 113A of Title 18, restitution is not ordered because the economic circumstances of the defendant do not allow for the payment of any amount of a restitution order, and do not allow for the payment of any or some portion of a restitution order in the foreseeable future under any reasonable schedule of payments.

☐ Partial restitution is ordered, pursuant to 18 U.S.C. § 3553(c), for the following reasons(s):

☒ The sentence is within the guideline range, that range does not exceed 24 months, and the court finds no reason to depart from the sentence called for by application of the guidelines.

OR

☐ The sentence is within the guideline range, that range exceeds 24 months, and the sentence is imposed for the following reason(s):

OR

The sentence departs from the guideline range:

☐ upon motion of the government, as a result of defendant's substantial assistance.

☐ for the following specific reason(s):

UNITED STATES DISTRICT COURT
for the District of Columbia

**FILED**
DEC 7 2004
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES OF AMERICA

v.   Case Number 02CR202-01 RBW

MELVIN E. MORGAN, JR.

JUDGMENT IN A CRIMINAL CASE
For Revocation of Supervised Release
(For Offenses Committed On or After November 1, 1987)

The defendant, MELVIN E. MORGAN, JR.   was represented by David Bos

It appearing that the defendant, who was sentenced on October 11, 2002 in the above styled cause and was placed on Supervised Release, has violated the terms of supervision;

It is hereby ORDERED and ADJUDGED, this 2 day of December 2004 that the Supervised Release of the defendant be revoked and that the defendant be committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of: FOUR (4) months. Upon the defendant's release from custody he shall obtain full time employment and serve a term of THREE (3) years of supervised release.

IT IS ORDERED that the Clerk deliver a certified copy of this commitment to the United States Marshal or other qualified officer and the same shall serve as the commitment of the defendant.

Signed this 7th day of December 2004

*Reggie B. Walton*

United States District Court
For the District of Columbia
A TRUE COPY
NANCY MAYER WHITTINGTON, Clerk
By _____ Deputy Clerk
2/24/06

18