### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **CRIMINAL NO.  06-065 (RWR)** |
| | : | |
| | : | **STATUS: March 29, 2006** |
| **MELVIN MORGAN,** | : | |
| | : | |
| **Defendant.** | : | |
| _____ | : | |

### UNITED STATES' MOTION FOR LEAVE TO
### INTRODUCE EVIDENCE OF DEFENDANT'S OTHER CRIMES

The United States of America, by and through its attorney, the United States Attorney for the

District of Columbia, pursuant to Rule 404 of the Federal Rules of Evidence, respectfully moves the

Court to for leave to admit evidence of other crimes committed by the defendant.  In support of this

motion, the United States would show the following:

### FACTUAL BACKGROUND

**Incident on April 6, 2002**

1.  At approximately 5:45 p.m. on April 6, 2002, Officers Scott Gaumond and Donald

Phillips of the Metropolitan Police Department were on routine patrol when they received a radio

run for a traffic accident at 13th Street and North Carolina Avenue, N.E., Washington, D.C.  When

they arrived on the scene, the officers observed a Honda Civic stationed on the median strip of the

street with minor damage to the vehicle.  The officers then positioned their cruiser near the Honda

to prevent any additional traffic accidents.

2.  The officers exited their cruiser and approached the Honda.  Officer Phillips approached

the driver's side, and Officer Gaumond approached the passenger side.

3.   As Officer Gaumond attempted to assist the passenger out of the Honda, he observed the driver, who was later identified as Melvin Morgan, holding a black handgun pointed at Officer Phillips.  Officer Gaumond screamed "gun, gun gun," and Officer Phillips almost simultaneously called for assistance and observed the weapon being held by the defendant.  Although afraid for their own safety, the officers elected not to discharge their service weapons because each officer was in the field of fire of the other officer.

4.   Officer Phillips used his weapon at this pont to smash the window on the driver's side of the vehicle and unlock the door.  Inasmuch the defendant was distracted by Officer Phillips' actions, Officer Gaumond was able to first secure and retrieve the handgun.  The weapon was determined to be an operable 9mm Fabrique National semi-automatic pistol loaded with 14 rounds of ammunition, including one in the chamber.  It was also determined that the Honda had been lent to the defendant by a female friend.

5.   Due to his prior conviction for attempted distribution of cocaine, the defendant was charged in a one count indictment for Unlawful Possession of a Firearm and Ammunition by a Convicted Felon in violation of 18 U.S.C. § 922(g)(1) in CR-02-202.  The defendant pled guilty to this charge before Judge Reggie B. Walton on July 15, 2002.

**The Incident on February 20, 2006**

6.   On February 20, 2006, at approximately 6:11 p.m., officers with the Metropolitan Police Department Sixth District Focus Mission Team proceeded to the 4500 block of Hunt Place, N.E., Washington, D.C., due to complaints of drugs being sold in that vicinity.  The officers went to the area in two unmarked police vehicles.

-2-

7. Upon their arrival in the vicinity of 46th and Hunt Place, N.E., the officers observed three men standing near a wall on the right hand side of the street. As the first police vehicle pulled up, them some of the men began to walk away. Officer Ronald Royster, who was driving the second vehicle, parked that vehicle in the middle of the block to cutoff the men who were walking away. Some of Officer Royster's fellow officers made contact with these men.

8. After he stopped the vehicle, Officer Royster observed the defendant sitting in the front passenger seat of a Hyundai Elantra parked on the opposite side of Hunt Place. The defendant was alone and the passenger door was open. Officer Royster noticed that the defendant was looking at something in his lap as the other officers began to converse with the other men.

9. Officer Royster observed the defendant then get out of the vehicle with an open bottle of beer in his hand and walk toward the officers. The defendant walked past the officers and civilians to the wall and placed his bottle of beer on top of it. Officer Royster and another officer got out of their vehicle and approached the defendant and made contact with him about the open container of alcohol. Although initially cooperative, the defendant became disorderly and disrespectful, and he was advised that he was being placed under arrest for possessing an open container of alcohol in public. As he was being placed under arrest, the defendant attempted to flee by throwing his keys to the ground and running. However, he was apprehended by the police.

10. While the defendant attempted to flee, Sergeant Ernest Grant retrieved the defendant's keys and determined that they matched the Elantra. When he saw the officer walking toward the Elantra, the defendant stated "you can't search my car." In a search of the Elantra incident to the defendant's arrest, the police recovered a 9mm Browning semi-automatic handgun that was loaded with 15 rounds of ammunition. The weapon was found in the glovebox, on the passenger side, of

-3-

the Elantra.   The gun was determined to be operable.  In addition, it was determined that the Elantra

did not belong to the defendant and that it had been lent to him by a female.

11.  It is this incident on February 20, 2006 upon which the indictment in the instant case

arises.  Here, the defendant is charged with a single count of Unlawful Possession of a Firearm and

Ammunition by a Convicted Felon in violation of 18 U.S.C. § 922(g).  In prosecuting the defendant

for violating 18 U.S.C. § 922(g), the United States must prove, inter alia, that the defendant

"knowingly" possessed a firearm.

## ARGUMENT

12.  The Court should grant the United States' motion for leave to introduce evidence of the

defendant's other crimes, i.e., the crime committed on April 6, 2002, because it is relevant to the

defendant's knowledge regarding the 9mm handgun found in the Elantra on February 20, 2006.  This

evidence is not being offered for an improper purpose such as criminal propensity, but rather to

establish knowledge.

## Applicable Legal Standards

13.  The Court's determination about whether to admit evidence of the defendant's criminal

act in 2002 is subject to an abuse of discretion standard of review by the appellate court.  United

States v. Pindell, 336 F.3d 1049, 1056-57 (D.C. Cir. 2003); United States v. Springs, 936 F.2d 1330,

1331 (D.C. Cir. 1991).

14.  The appellate court has recently reaffirmed that the issue of admitting evidence of prior

crimes is governed by Rule 404(b) of the Federal Rules of Evidence.  United States v. Linares, 367

F.3d 941, 946 (D.C. Cir. 2004).  Rule 404(b) of the Federal Rules of Evidence provides, in pertinent

part, that

> [e]vidence of other crimes, wrongs or acts is not admissible to prove the character of a person . . . . It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident . . . .

Cf. Linares, supra, 367 F.3d at 946. Evidence of the defendant's prior crime should be admitted here because it is relevant to the issue of the defendant's knowledge about the 9mm handgun in the glovebox of the Elantra, as well as the absence of mistake or accident.

15. The court engages in a two-part analysis to determine admissibility in the Rule 404(b) context. First, the Court will consider whether the evidence is probative of some material issue in the case other than character. United States v. Price, 895 F.2d 1431, 1435 (D.C. Cir.), cert. denied, 498 U.S. 825 (1990). Second, if the Court finds that the evidence is relevant, the Court may exclude the evidence only if its probative value is substantially outweighed by the danger of unfair prejudice. United States v. Long, 328 F.3d 655, 662 (D.C. Cir. 1993), cert. denied, 540 U.S. 1075 (2003). Applying this test to the instant case illustrates that evidence of the 2002 incident should be admissible to establish that the defendant knowingly possessed the 9mm handgun.

**Probative Value**

16. Here, the evidence regarding the incident of April 6, 2002, is not being offered to establish any criminal propensity of the defendant. Rather, it is being offered to support the United States' argument that he knowingly and constructively possessed the 9mm handgun found in the glovebox of the Elantra. It also refutes the notion that it was an accident or mistake that he happened to be operating a vehicle with a 9mm handgun.

17. In Linares, the court began its analysis by noting that the Rule 404(b) is a rule "'of inclusion rather than exclusion.'" 367 F.3d at 946 (citation omitted). However, the court went on

to hold in that case that evidence of the defendant's prior conviction for illegally possessing a pistol should not have been admitted because the testimony had already conclusively established that the defendant in <u>Linares</u> had the gun in his actual possession. Put differently, the evidence of the defendant's possession of the firearm was not really an issue in the case. 367 F.3d at 946. The court reasoned that the prior conviction was not evidence, therefore, that made it any more or any less probable that the defendant "knowingly" possessed the firearm. <u>Id</u>. In contrast, in this case, the 9mm Browning handgun was found in the glovebox of the defendant's Elantra after he was arrested for possessing an open container of alcohol in public. Thus, the United States will have to prove that the defendant knowingly and constructively possessed that gun. Under the <u>Linares</u> analysis, therefore, evidence of the defendant's crime in 2002 is probative of his knowledge and is properly admitted.

18. The evidence surrounding the defendant's prior conviction for unlawfully possessing a firearm supports the United States' argument that the defendant knowingly and constructively possessed the weapon at issue here. In April of 2002, the defendant was found to be in possession of a 9mm semi-automatic handgun. Thus, the similarity of the handguns, in addition to the fact of the handguns themselves, makes it more likely that it was the defendant who knowingly possessed the 9mm found in the Elantra. Moreover, the similarity of the circumstances surrounding the offenses, <u>i.e.</u>, driving a vehicle belonging to a female, without the female being present, with a firearm in the vehicle makes it more probable that the defendant's possession was knowingly. In sum, in contrast to the facts in <u>Linares</u>, there are three facts from the 2002 incident that should be admitted on the issue of whether the defendant "knowingly" possessed the firearm found in the Elantra: (1) the defendant has possessed a firearm on a previous occasion, (2) the previous occasion

involved a similar type of firearm, and (3) he possessed it under similar set of circumstances.

19. In addition to being directly relevant to the issue of the defendant's knowledge, this very same evidence should be admitted because it tends to disprove the argument that the defendant mistakenly or accidentally possessed the firearm found in the Elantra. The court in Linares went on to point out that in cases of constructive possession evidence of a prior crime can be used to prove that it was knowing and not by accident or mistake. 367 F.3d at 949-951. In short, because the case before this Court requires the United States to prove beyond a reasonable doubt that the defendant, and not the owner of the Elantra or some third party, the evidence of the defendant's prior crime makes it more probable that it was the defendant who possessed the firearm.

**Potential Prejudice**

20. The potential prejudice, if any, associated with the admission of this evidence does not substantially outweigh its probative value. In April of 2002, the defendant was in possession of a 9mm gun while driving around the streets of the District of Columbia in a vehicle owned by another person. These facts are highly probative of the issue of whether he knowingly and constructively possessed the 9mm gun found in the vehicle, owned by another female, that he was driving on February 20, 2006. The similarity of the offense does not militate in favor of exclusion. Indeed, the similarity of the offense weighs in favor of admitting the evidence. United States v. Lopez-Martinez, 725 F.2d 471, 477 (9th Cir.), cert. denied, 469 U.S. (1984); United States v. Hinton, 31 F.3d 817, 823 (9th Cir. 1994)(finding similarity between acts warranted admission of 404(b) evidence). Therefore, there is nothing in the record to even remotely suggest that the probative value of the 2002 prior crime is substantially outweighed by any alleged potential prejudice.

## <u>CONCLUSION</u>

The government intends to introduce evidence of the defendant's prior crime to establish that the defendant knowingly and constructively possessed the 9mm Browning semi-automatic handgun on February 20, 2006.  The proffered evidence is relevant to the defendant's knowledge.  For all of the foregoing reasons, the United States respectfully requests that its motion to introduce other crimes be granted.

Respectfully,

KENNETH L. WAINSTEIN
United States Attorney


By: _____
MICHAEL T. TRUSCOTT
ASSISTANT UNITED STATES ATTORNEY
Member of the New York Bar
Federal Major Crimes Section
United States Attorney's Office
555 Fourth Street, N.W., Room 4237
Washington, D.C. 20530
Phone: (202) 514-7533
Fax: (202) 514-6010

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing United States' Motion for Leave to Introduce Evidence of the Defendant's Other Crimes was caused to be served via United States Mail, postage prepaid, upon counsel of record for the defendant, Rita Bosworth, Federal Defender Service, this 23st day of March, 2006.

_____

MICHAEL T. TRUSCOTT