UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA    ) | |
| ) | |
| v.    ) | Criminal No. 06-065 (RWR) |
| ) | |
| MELVIN MORGAN    ) | |
| ) | |

**MOTION TO SUPPRESS EVIDENCE,
INCORPORATED MEMORANDUM IN SUPPORT THEREOF, AND
REQUEST FOR EVIDENTIARY HEARING**

Melvin Morgan, by his attorney, Rita Bosworth, Assistant Federal Public Defender, respectfully moves this court to suppress physical evidence, statements, and any other tainted evidentiary "fruits" resulting from the illegal stop and search in this case. This motion is made pursuant to FED. R. CRIM. P. 12(b)(3) and is supported by the discussion below. An evidentiary hearing on this motion is respectfully requested.

**STATEMENT OF FACTS[1]**

Mr. Morgan was charged, in a one-count indictment filed on March 7, 2006, with Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of 18 U.S.C. § 922(g)(1).

On February 20, 2006, at approximately 6:11 p.m., members of the Metropolitan Police Department's Sixth District went to the area of 46th Street and Hunt Place, N.E., in Washington, D.C. When they arrived, the officers stopped Mr. Morgan because they apparently believed he discarded something as they approached him. The officers searched a nearby vehicle and

---

[1] This statement of the facts is a summary based on the PD 163 provided as discovery in this case. By including in this motion the facts as alleged by government witnesses, Mr. Morgan does not in any way concede that these facts are accurate or true.

recovered a pistol in the glove box.  They then arrested Mr. Morgan.

**ARGUMENT**

I.  **ALL EVIDENCE SEIZED FROM THE DEFENDANT MUST BE SUPPRESSED BECAUSE HIS ARREST WAS UNCONSTITUTIONAL**

A warrantless arrest of an individual outside of the home is unconstitutional unless the government establishes that the arrest was supported by probable cause.  Hayes v. Florida, 470 U.S. 811 (1985); Florida v. Royer, 460 U.S. 491, 500 (1983); United States v. Allen, 629 F.2d 51, 55 (D.C. Cir. 1980); see also Katz v. United States, 389 U.S. 347 (1967); Henry v. United States, 361 U.S. 98 (1959).  Probable cause exists when "the totality of the circumstances, as viewed by a reasonable and prudent police officer in light of his training and experience, would lead that police officer to believe that a criminal offense has been or is being committed." U.S. v. Halliman, 923 F.2d 873, 881 (1991) (citing U.S. v. Green, 670 F.2d 1148, 1152 (1981)).  A seizure exists when a reasonable person in the defendant's position would not feel free to leave. United States v. Mendenhall, 446 U.S. 544, 554 (1980).   Though not all seizures rise to the level of a full-blown arrest, police officers must nevertheless have a reasonable, articulable suspicion to justify even a more limited investigatory stop.  See Terry v. Ohio, 392 U.S. 1, 20-27 (1968).

Here, the government cannot adduce sufficient sworn testimony at a hearing to demonstrate that the officers had reasonable suspicion to stop Mr. Morgan.  By stopping and handcuffing Mr. Morgan, the officers executed a stop of him.  Yet, at the hearing, the government will be unable to provide articulable facts giving the officers reasonable suspicion to conduct the stop of Mr. Morgan.  As a result, any evidence seized as a result of the stop, in particular the keys and the gun, must be suppressed as fruit of the poisonous tree.  Wong Sun v.

United States, 371 U.S. at 471, 484-85 (1963).

II.     **ALL STATEMENTS MADE BY MR. MORGAN MUST BE SUPPRESSED BECAUSE THEY WERE INVOLUNTARY AND MADE IN VIOLATION OF MIRANDA.**

The government has alleged that shortly after he was arrested, Mr. Morgan told the police officers that the car in which the gun was recovered belonged to his girlfriend. Before introducing that statement at trial, either in its case-in-chief or as impeachment or rebuttal evidence, the government bears the burden of proving that the statement was voluntary. See Lego v. Twomey, 404 U.S. 477 (1972). The test for voluntariness is whether a statement is the "product of an essentially free and unconstrained choice by its maker." Culombe v. Connecticut, 367 U.S. 568, 602 (1961). The determination of whether a statement was made voluntarily "requires a careful evaluation of all the circumstances of the interrogation." Mincey v. Arizona, 437 U.S. 385, 402 (1978). The Court must consider the "totality of the circumstances" in deciding whether the defendant made his statement voluntarily. Fikes v. Alabama, 352 U.S. 191 (1957); see also Gallegos v. Colorado, 370 U.S. 49 (1962) (determination of whether an accused's statement was made involuntarily so as to render it inadmissible requires close scrutiny of the facts of each individual case); Clewis v. Texas, 386 U.S. 707 (1967).

Specifically, the Court must examine the efforts to overbear the defendant's free will in relation to his capacity to resist those efforts. Davis v. North Carolina, 384 U.S. 737 (1966); Culombe, 367 U.S. at 607. The Court must examine the defendant's "background, experience, and conduct," North Carolina v. Butler, 441 U.S. 369, 375 (1979), to determine whether his statements were the product of a rational intellect and a free will. Blackburn v. Alabama, 361 U.S. 199, 208 (1980). Here, the evidence at a hearing will show that any statement made by Mr.

3

Morgan was made involuntarily and thus must be suppressed under the Fifth Amendment.

Even if the statements were made voluntarily, <u>Miranda</u> requires suppression of Mr. Morgan's statement during the government's case-in-chief because he was not adequately apprised of his right against self-incrimination prior to undergoing custodial interrogation. <u>See, e.g.</u>, <u>Pennsylvania v. Muniz</u>, 496 U.S. 582, 110 S. Ct. 2638, 2643-44 (1990). A person is in "custody" under <u>Miranda</u> when he "has been . . . deprived of his freedom of action in any significant way." <u>Miranda v. Arizona</u>, 384 U.S. 436, 444 (1966). Whether a person is in custody depends upon "how a reasonable man in the suspect's position would have understood his situation." <u>Berkemer v. McCarty</u>, 468 U.S. 420, 442 (1984). "[T]he term 'interrogation' under <u>Miranda</u> refers not only to express questioning, but also to any words or actions on the part of the police (other than those normally attendant to arrest and custody) that the police should know are reasonably likely to elicit an incriminating response from the suspect." <u>Rhode Island v. Innis</u>, 446 U.S. 291, 301 (1980).

The government bears the heavy burden of establishing that proper <u>Miranda</u> warnings were given to the defendant and that an intelligent and voluntary waiver of those rights occurred prior to questioning of the defendant. <u>Miranda</u>, 384 U.S. at 475. As the Court recognized in <u>Moran v. Burbine</u>, 475 U.S. 412 (1986),

> First, the relinquishment of the right must have been voluntary in the sense that it was the product of a free and deliberate choice rather than intimidation, coercion, or deception. Second, the waiver must have been made with a full awareness of both the nature of the right being abandoned and the consequences of the decision to abandon it. Only if the "totality of circumstances surrounding the interrogation" reveal both an uncoerced choice and the requisite level of comprehension may a court properly conclude that the <u>Miranda</u> rights have been waived.

<u>Id</u>. at 421.

In the case at hand, the criminal complaint states that Mr. Morgan was arrested at approximately 6:11 pm on February 20, 2006. However, Mr. Morgan was apparently not read his <u>Miranda</u> rights until over two hours after the arrest occurred, at 8:36 pm. Mr. Morgan was already under arrest when he allegedly told the officers that the car belonged to his girlfriend, but he had not waived his <u>Miranda</u> rights. There is no question that an arrest constitutes custody for purposes of <u>Miranda</u>. Mr. Morgan's alleged statement thus took place after he was in custody but prior to the time the police say they read him his <u>Miranda</u> rights. Because Mr. Morgan was in custody, and because he had not waived his <u>Miranda</u> rights, any statements made were the product of custodial interrogation, and they must be suppressed.

## CONCLUSION

For the foregoing reasons, and any other reasons that the Court may deem just and reasonable, Mr. Morgan requests that the Court suppress the keys, the gun, and the statement allegedly made by Mr. Morgan, along with any other evidence or statements obtained by the officers in violation of the Fourth and Fifth Amendments. Mr. Morgan respectfully requests an evidentiary hearing on this motion.

    Respectfully submitted,

    A. J. KRAMER
    Federal Public Defender


    "/s/"
    RITA BOSWORTH
    Assistant Federal Public Defender
    625 Indiana Avenue, N.W., Suite 550
    Washington, DC 20004
    (202) 208-7500