UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 06-065 (RWR) |
| ) | |
| MELVIN MORGAN ) | |
| ) | |

**DEFENDANT'S OPPOSITION TO THE GOVERNMENT'S MOTION TO USE
DEFENDANT'S PRIOR CONVICTIONS FOR IMPEACHMENT**

Mr. Melvin Morgan, through undersigned counsel, respectfully opposes the Government's motion, pursuant to Federal Rule of Evidence 609, to use prior convictions to impeach Mr. Morgan should he choose to testify at trial.

## BACKGROUND

Mr. Morgan is charged, in a one-count indictment filed on March 7, 2006, with Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of 18 U.S.C. § 922(g)(1).

According to the police report, on February 20, 2006, at approximately 6:11 p.m., members of the Metropolitan Police Department's Sixth District went to the area of 46th Street and Hunt Place, N.E., in Washington, D.C. When they arrived, the officers stopped Mr. Morgan because they apparently believed he discarded something as they approached him. The officers searched a nearby vehicle and recovered a pistol in the glove box. They then arrested Mr. Morgan.

## ARGUMENT

Although FED. R. EVID. 609(a)(1) permits the use of prior felony convictions for the purpose of attacking the credibility of a witness, such convictions may be used to impeach a

defendant only if the probative value of the conviction outweighs the prejudicial effect to the accused.  Notably, Rule 609, unlike FED. R. EVID. 403, does not require that the prejudicial effect substantially outweigh the probative value of the evidence but, rather, that the probative value of the conviction outweigh the prejudicial effect.

In this case, the government has failed to show that there are specific circumstances demonstrating that the probative value of the proffered offenses outweighs the inevitable prejudicial impact.  See United States v. Lipscomb, 702 F.2d 1049, 1062 ("When the defendant is impeached by a prior conviction, the question of prejudice, as Congress well knew, is not if, but how much.").  The government presents no specific facts or reasons suggesting that these convictions are particularly probative of truthfulness in this case.  All felonies have some probative value as to credibility, see Lipscomb, 702 F.2d at 1063 n.54, but this proposition is simply a starting point.

With respect to charges of (1) Attempted Distribution of Cocaine[1] and (2) Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by More than One Year, the government has set forth no specific facts indicating that the convictions are particularly probative in the present case.  Whatever probative value the defendant's prior convictions might have stems only from the generic inference that commission of a felony – any

---

[1] While the government contends that because Mr. Morgan was nineteen when he was convicted of Attempted Distribution of Cocaine, he "was not a juvenile within the meaning of Rule 609," Gov't Mot. at 1, n.2, the government concedes that he was indeed sentenced pursuant to the Youth Rehabilitation Act ("YRA").  Under the YRA, the term "Youth Offender" is defined as "a person less than 22 years old convicted of a crime other than murder, first degree murder that constitutes an act of terrorism, and second degree murder that constitutes an act of terrorism." D.C. STAT. 1981 § 24-901.  Clearly, Mr. Morgan was lawfully sentenced pursuant to the YRA despite the fact that he was nineteen, and his conviction should therefore be viewed in accordance with that statute for purposes of Rule 609.

felony – demonstrates a conscious disregard for the law. Id. at 1071. The generic inference that an individual who has committed a felony offense is more likely to break the law is weak at best; the specific inference that such an individual will break the law by consciously disregarding his oath to tell the truth is even more attenuated.

Informing the jurors of the nature of the prior convictions would significantly prejudice Mr. Morgan because there is a significant risk that the jury may infer from the fact of prior convictions that Mr. Morgan committed the offense at issue in this case. That prejudice outweighs any probative value that disclosing the nature of the conviction would provide.

## CONCLUSION

For the foregoing reasons, Mr. Morgan respectfully moves this honorable court to exclude the use of the evidence of the prior convictions proffered by the government.

Respectfully submitted,

A.J. KRAMER
FEDERAL PUBLIC DEFENDER


_____/s/_____

RITA B. BOSWORTH
Assistant Federal Public Defender
625 Indiana Avenue, N.W., Suite 550
Washington, D.C. 20004
(202) 208-7500